**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

APR 04 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10152 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00905-DCB-JJM-2 |
| v. | |
| VICTOR MANUEL BERMUDEZ-CHAVEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 14, 2012
Berkeley, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

Victor Manuel Bermudez-Chavez appeals his jury conviction and sentence

for conspiracy to possess with intent to distribute 100 kilograms of cocaine and

possession with intent to distribute one kilogram of cocaine. Because the parties

are familiar with the factual and procedural history of this case, we repeat only

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

those facts necessary to resolve the issues raised on appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

Bermudez-Chavez raises a claim of sentencing entrapment, citing U.S.S.G. § 2D1.1 Application Note 12 ("Note 12").  Although Bermudez-Chavez argued the substance of Note 12 before the district court—i.e., that the district court should consider his inability to procure 100 kilograms of cocaine when it determined the weight of cocaine for sentencing purposes—he failed to cite to or object under Note 12.   The government claims that Bermudez-Chavez's arguments were insufficient to preserve this claim.  Nonetheless, even if it is forfeited, we review for plain error.  Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) (plain error standard permits an appellate court to reverse if there was (a) an error, (b) that was plain, and (c) that affected substantial rights).

"Sentencing entrapment or 'sentence factor manipulation' occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994).  When sentencing entrapment occurs, "the amount of drugs used in calculating the defendant's sentence should be reduced by the amount that 'flows from the entrapment.'" *United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010).  Under Note 12, if a defendant makes a

proper showing that he "was not reasonably capable of providing . . . the agreed-upon quantity," the court must exclude the quantity that he establishes he was not reasonably capable of providing. U.S.S.G. § 2D1.1 App. n.12. Finally, under our circuit precedent, "Application Notes 12 and 17 [now incorporated into Note 12] clearly require the district court to determine whether sentencing entrapment has occurred. Under Note 12, the district court 'shall exclude' from the calculation the amount of drugs which flow from sentencing entrapment." *United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir. 1995).

The district court rejected Bermudez-Chavez's argument relating to sentencing entrapment because it concluded that any relief would require the court to invalidate the jury's verdict. That conclusion was erroneous, at odds with our precedent, and affected Bermudez-Chavez's substantial rights. The ultimate determination of sentencing entrapment is within the province of the sentencing judge, and the mere fact of conviction does not trump this obligation. Under *Naranjo*, Bermudez-Chavez's inability to produce 100 kilograms of cocaine—instead producing two kilograms of cocaine and fifty-nine kilograms of building plaster—raises a significant issue. We vacate Bermudez-Chavez's sentence and remand for resentencing. We take no position on whether relief should be granted, and, on remand, Bermudez-Chavez has the burden of proving

3

sentencing entrapment by a preponderance of the evidence. *Naranjo*, 52 F.3d at 250.

Bermudez-Chavez's remaining claims are without merit. Because a conspiracy to possess a controlled substance can be proven without any seizure of the controlled substance at issue, *see, e.g.*, *United States v. Desimone*, 119 F.3d 217, 223 (2d Cir. 1997), the district court did not err in denying Bermudez-Chavez's motion to dismiss the conspiracy count based on the argument that the bulk of the substance seized was building plaster made to look like cocaine. To prove the existence of a conspiracy under 21 U.S.C. § 846, the government need only prove: "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Herrera-Gonzalez*, 263 F.3d 1092, 1095 (9th Cir. 2001).

We also find no error in the district court's failure to compel disclosure of the confidential informant's immigration file ("A file"). The district court ordered the government to produce any exculpatory or impeachment material from the A file, and *Brady v. Maryland*, 373 U.S. 83 (1963), does not impose an obligation to necessarily produce the entire file. In any event, after the district court's order, Bermudez-Chavez did not renew his request or lodge an objection as to what had been produced, and he does not now identify any such evidence that was withheld.

The district court did not err in admitting testimony, under a language conduit theory, as to Bermudez-Chavez's statements that were translated by the confidential informant. Although the informant worked for the government, he was a fluent Spanish speaker and had minimal motive to mislead since his compensation depended on successful negotiations, and the parties' subsequent actions corroborate the statements as translated. *See United States v. Nazemian*, 948 F.2d 522, 527 (9th Cir. 1991) (articulating the test for determining whether translated statements should be considered statements of the speaker).

Finally, sufficient evidence supported Bermudez-Chavez's conviction for conspiracy to possess 100 kilograms of cocaine. Although Bermudez-Chavez argues that there was no firm agreement between him and the undercover agent, a drug conspiracy in violation of 21 U.S.C. § 846 only requires an agreement amongst the co-conspirators. *See Herrera-Gonzalez*, 263 F.3d at 1095. The parties discussed the sale of cocaine, agreed to a price, delivered a sample of the promised product, and discussed the details for the final delivery. "Our decisions . . . have held that proof of a conspiracy sufficient where the actual buyer and seller never agreed to such terms [as price, quantity, and time, place, and manner of delivery]." *United States v. Sharif*, 817 F.2d 1375, 1378 (9th Cir. 1987) (citation omitted).

5

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**